## Fred W. Wolf Co. v. Isabelle Bills.

1. INSTRUCTIONS—*On Conflicting Evidence.*—Where there is a positive and irreconcilable conflict in the evidence, the instructions to the jury should be strictly correct.

Assumpsit, on a contract in writing. Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

Statement.—By contract between the parties to this suit, appellant agreed to manufacture an ice-making plant and put the same in operation for appellee in New Mexico. The price thereof, and terms of payment agreed upon, are as follows:

" The price for the above machine is eleven thousand seven hundred and ninety-eight dollars ($11,798).

Payments to be made as follows : $2,000 on signing this contract, receipt of which is hereby acknowledged.

$2,000 when machinery is ready to ship.

$7,798 on acceptance as specified herein, and it is under-

stood that before the machinery is shipped this last payment shall be deposited in some bank in Chicago subject to our order on acceptance as above, or evidence satisfactory to us shall be given that said last payment will be made when due."

Said contract was made May 22, 1893, and the machine was to be ready for shipment within thirty days thereafter. June 24th, O. P. Bills, husband and agent of appellee, went to the place of business of appellant in Chicago, and met there Frank W. Pilsbry, a representative of appellant. Said O. P. Bills then and there requested that appellant accept as in compliance with, or in lieu of, the provision of said contract as to the payment of the sum of $7,798, the following guaranty and agreement, viz.:

"COLORADO SPRINGS, COLO., June 15, 1893.
*To the Fred W. Wolf Company, Chicago, Ill.:*
DEAR SIRS: Referring to your agreement with Isabelle Bills, dated Chicago, May 22, 1893, to furnish and erect in Eddy, New Mexico, one ice-making plant, and to the payments therein provided to be made therefor, I do hereby, for value received, guarantee and agree to make payment at this place of the final sum of $7,798 therein mentioned, as follows:

$2,000 thereof on completion and acceptance of said plant, as in said agreement provided;

$2,899 thereof in thirty days after such completion and acceptance thereof; and

$2,899, remainder thereof, in sixty days after such completion and acceptance thereof, with interest at the rate of seven (7) per cent per annum on said last two amounts, from the time of such completion and acceptance until paid, respectively.

Yours truly,
J. J. HAGERMAN."

The testimony is irreconcilably conflicting as to whether there was an agreement then made as to appellant's accepting such guaranty. By letter addressed to said O. P. Bills, Eddy, New Mexico, dated June 27th, three days after said interview, appellant notified appellee that the material was ready to ship and that a part of it was then loaded upon the cars; that appellant was "simply awaiting the arrangement of the final matters, before letting them go forward,"

and declining to accept the Hagerman guaranty.    June 29th, appellee, at Eddy, sent to appellant a draft for $2,000, being the second payment upon said contract.    Letters at that time were between four and five days in transmission between Chicago and Eddy.

Said machine was never shipped by appellant, and no further payment was ever made upon said contract.    This suit was commenced by appellee to recover from appellant the amount which she had paid upon said contract.    The verdict and judgment are for the sum thus paid, viz., $4,000.    It is to reverse that judgment that appellant brings the case to this court.

HAMLINE, SCOTT & LORD, attorneys for appellant.

ST. JOHN & MERRIAM, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Upon the trial of this case in the court below appellee offered in evidence the original contract between the parties to this suit, and then offered in evidence the Hagerman guaranty agreement (appearing in full in the foregoing statement) in connection with testimony tending to show that said guaranty agreement was accepted by said Pilsbry on behalf of appellant as a modification of said original agreement as to the payment of the sum of $7,798.    The only testimony offered by appellee in support of her contention that said guaranty was thus accepted, is that of said O. P. Bills.    No person was present at the interview between said Bills and said Pilsbry other than the participants.    The *onus* of establishing the alleged change in said original contract was upon appellee.    Said Pilsbry testified positively that he did not accept or promise to accept said guaranty.

The testimony of Mr. Bills as to the alleged acceptance by Mr. Pilsbry of said guaranty, taken in full from the record, is as follows, viz.:

"But he, Pilsbry, said, "We are not satisfied to have this

payable in Colorado Springs; it should be paid here.' I said that in a deal of this size a little matter of exchange would not make much difference, and I would see that any expense in transferring the money from the Springs to Chicago would be paid, and he said that was satisfactory. That is my recollection of it, as near as may be."

We can not regard this as very satisfactory evidence to support so important and radical a change in the original contract. In considering the testimony of these witnesses to arrive at a correct conclusion, it is necessary to consider the situation and circumstances as they existed at the time. As Mr. Pilsbry testified, there was then "a silver panic on hand." Said guaranty is dated at Colorado Springs, and in it Mr. Hagerman says, "I guarantee and agree to make payment at this place," etc. By said guaranty the last payment under said contract was to be made in three installments at different dates.

Mr. Pilsbry said that it would not be satisfactory to have the money payable at Colorado Springs. Mr. Bills replied that in a deal of that size a little matter of exchange would not make much difference, and that he would pay it. Mr. Bills says Mr. Pilsbry then said, "That is satisfactory." It seems to us clear, in the light of all the conditions and circumstances as they then existed, that that reply by Mr. Pilsbry referred only to the question of the exchange, and did not refer to payments being made in Colorado, or to the last one being made in three different installments.

But certainly, with such a positive and irreconcilable conflict in the statements of these two witnesses, the instructions to the jury should be strictly correct. The court gave the following instruction, viz.:

"The court instructs the jury, as a matter of law, that under the contract offered in evidence the defendant, The Fred W. Wolf Company, was not required to ship to plaintiff, Bills, the machinery in question before the last payment of $7,798 should have been deposited in some bank in Chicago, subject to the order of The Fred W. Wolf Company, on acceptance of the machine as specified in the contract, or until evidence satisfactory to the defendant, The Fred W. Wolf Company, should be given that such

last payment would be made when due.    And the jury are instructed that the Fred W. Wolf Company was the sole judge, under the terms of such contract, as to whether or not the evidence so to be given was or was not satisfactory, *but in exercising such judgment the defendant was to act reasonably, and in determining whether it did act reasonably in the matter you are to consider the evidence and all the facts and circumstances in evidence.*"

That instruction, as presented by counsel for appellant, was modified by the court by adding thereto that part printed in italics.    Such modification, considered in connection with the facts in this case, was erroneous.    There is no testimony that there was any captious or trifling objection on the part of appellant to the proposed change in the contract.    Appellee did not offer a substantial compliance with the terms of the contract, to which appellant interposed some frivolous and technical refusal to accept as not being satisfactory.    Whether appellant should accept the last payment in installments, deferring the date of maturity, and agree to change the place of payment from Chicago to Colorado Springs, were material and important questions at that time.    Not only was there then "a silver panic," as expressed in the testimony, but the fact will be readily recalled that there was also a serious general depression and unrest in financial and business circles. Appellant had a perfect right, under said contract, to say that the changes proposed were not satisfactory.    The question of whether such conclusion was reasonable should not have been submitted to the jury to determine.    The decision of that question was a right, and in view of the business and financial conditions at that time, a valuable right, specially reserved to appellant by said contract. Even if said instruction, presented by appellant, should be held to be subject to the criticism urged by appellee, that it would be erroneous if given, still it should not have been given as modified.

As this case must be remanded for another trial, it is not considered advisable to express an opinion upon other questions of fact.    For the reasons indicated, the judgment of the Circuit Court is reversed and the cause remanded.